# Exhibit 1



# Notice of Service of Process

**KSB / ALL**
**Transmittal Number: 32670157**
**Date Processed: 11/11/2025**

| | |
|---|---|
| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number 3461650 |
| **Entity Served:** | State Farm Fire And Casualty Company |
| **Title of Action:** | James Coleman vs. State Farm Fire and Casualty Company |
| **Matter Name/ID:** | James Coleman vs. State Farm Fire and Casualty Company (18155354) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Sumner County Circuit Court, TN |
| **Case/Reference No:** | 25CV-976 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 11/10/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | Dept. of Insurance in Tennessee on 10/29/2025 |
| **How Served:** | Certified Mail |
| Sender Information: | Denham Property and Injury Law Firm<br>859-900-2278 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



**Department of Commerce & Insurance**

November 4, 2025

State Farm Fire & Casualty Co.
2908 Poston Avenue c/o C S C
Nashville, TN  37203
NAIC# 25143

Certified Mail
Return Receipt Requested
7020129000016208-1474

Re:  James Coleman V. NAIC# 25143

   Docket # 25CV976

To Whom It May Concern:

Pursuant to Tennessee Code Annotated §56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served October 29, 2025, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Designated Agent
Service of Process

Enclosures

cc:  Circuit Court Clerk
    Sumner County
    P O Box 549
    Gallatin, TN  37066

State of Tennessee, Department of Commerce & Insurance
500 James Robertson Parkway, Service of Process - 10th Floor, Nashville, TN 37243
Service.Process@tn.gov; 615-532-5260

Case 3:25-cv-01413    Document 1-1    Filed 12/05/25    Page 3 of 17 PageID #: 7



| STATE OF TENNESSEE<br>SUMNER COUNTY<br>CIRCUIT COURT | SUMMONS | CASE FILE NUMBER<br>25CV-976 |
|---|---|---|
| **PLAINTIFF**<br>James Coleman | vs. | **DEFENDANT**<br>State Farm Fire and Casualty Company |

**TO: (NAME & ADDRESS OF DEFENDANT)**

State Farm Fire and Casualty Company

One State Farm Plaza
Bloomington, IL 61710

List each defendant on a separate summons.

YOU ARE HEREBY SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN THE CIRCUIT COURT FOR SUMNER COUNTY, TENNESSEE. YOUR WRITTEN ANSWER/DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU ARE DIRECTED TO FILE YOUR ANSWER/DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION WITHIN THE REQUIRED TIME FRAME, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff:<br>(Name, address & telephone number)<br><br>J. BART DENHAM LAW, PLLC<br>250 W. MAIN STREET, STE 120<br>LEXINGTON, KY 40507-1714 | **DATE ISSUED & ATTESTED**<br>09/16/2025          08:56:21 AM<br><br>**KATHRYN STRONG, Circuit Court Clerk**<br>BY:<br><br>/s/ Kaylee Logan |

### CERTIFICATION

I, Kathryn Strong, Clerk of the Circuit Court of Sumner County, Tennessee, do certify this to be a true and correct copy of the original summons issued in this cause. KATHRYN STRONG, CIRCUIT COURT CLERK.

BY: ___/s/ Kaylee Logan_____ DEPUTY CLERK

| **TO THE SHERIFF:**<br><br>Please execute this summons and make your return within ninety days of issuance as provided by law. | **DATE RECEIVED**<br><br>Commissioner Of Insurance<br><br>**Sheriff** |

| RETURN ON PERSONAL SERVICE OF SUMMONS |
|---|
| I hereby certify and return that I served this summons together with the complaint as follows:<br><br>Date: _____<br><br>By: _____<br>Please print: name, title<br><br>_____ _____<br>Agency or process server address  Signature |

| ACCEPTANCE OF SERVICE |
|---|
| I do hereby accept service of process and a copy of this complaint in this cause for all purposes. This the _____ day of _____, 20 \_\_\_\_.<br><br>_____ |

| RETURN ON SERVICE OF SUMMONS BY MAIL |
|---|
| **I hereby certify and return that on the _____ day of _____, 20 \_\_\_\_. I sent, postage prepaid by registered return reciept mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case # _____ to the defendant _____, on the _____ day of _____, 20 \_\_\_\_. I received the return receipt, which has been signed by _____ on the _____ day of _____, 20 \_\_\_\_. The return receipt is attached to this original summons to be filed by the Circuit Court Clerk.** |

| **Sworn to and subscribed before me on this** _____ **day of** _____, 20 \_\_\_\_.<br>**Signature of** ☐ Notary Public or ☐ Deputy Clerk | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| My Commission Expires: | |
| **NOTICE OF PERSONAL PROPERTY EXEMPTION**<br>TO THE DEFENDANT(S):<br>Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA & 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.<br>Mail list to:    Circuit Court Clerk<br>              155 East Main St.<br>              Gallatin, TN 37066<br>Please state case file/docket number on list. | ATTACH<br>RETURN<br>RECEIPT<br>HERE<br>(IF APPLICABLE) |



IN THE CIRCUIT COURT OF SUMNER COUNTY, TENNESSEE
FOR THE EIGHTEENTH JUDICIAL DISTRICT

| | |
|---|---|
| JAMES COLEMAN, | ) |
| Plaintiff, | ) ) ) ) ) |
| vs. | ) Case No._____ |
| | ) **JURY DEMANDED** |
| STATE FARM FIRE AND CASUALTY COMPANY | ) ) ) ) |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff, James Coleman, by and through counsel, respectfully submits his Complaint against State Farm Fire and Casualty Company, and hereby states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, James Coleman, at all times relevant to this Complaint, owned and had an insurable interest in the dwelling located at 831 College Street, Portland, Sumner County, Tennessee 37148 ("Insured Premises").

2. At all times relevant and material hereto, State Farm Fire and Casualty Company ("State Farm"), was an Illinois corporation, registered with the State of Tennessee, and engaged in the business of providing insurance policies to property owners in Sumner County, Tennessee.

3. This Complaint originates as the result of a covered fire loss that damaged the real and personal property located at the Insured Premises on or about April 9, 2025.

4. Jurisdiction and venue are proper in this Court.

## FACTS

5.  At all times material hereto, Plaintiff was insured under an insurance contract, whereby State Farm agreed to insure the Insured Premises against property damage, under policy number 42NTD0892 (the "Policy"). The Policy is incorporated herein by reference as if set forth verbatim. As relevant hereto, the term of the policy was April 22, 2024, through April 22, 2025.

6.  At all times relevant hereto, the Insured Premises consisted of a residential dwelling, detached garage and surrounding area.

7.  The Policy provided insurance coverage for direct physical loss or damage to the Insured Premises. The Policy provided coverage for direct physical loss or damage to the Insured Premises within the policy period unless the loss is specifically excluded or limited in the Policy.

8.  Pursuant to the Policy, Plaintiff paid a premium to State Farm in exchange for insurance coverage. Plaintiff paid the required premium at all times relevant to this lawsuit.

9.  The Policy reveals that coverage was provided in the following amounts:

    a. Dwelling:            $348,200

    b. Other Structures:    $65,000

    c. Personal Property:   $261,150

10. On or about April 9, 2025, a fire caused substantial damage to the detached garage and the personal property within (the "Loss"). As a result of the Loss, the detached garage located on the Insured Premises suffered immediate and direct physical loss, including but not limited to the garage structure itself, two vehicles, hydraulic car lifts, a large collection of tools, as well as the other personal property therein.

11. The Policy was in effect at the time of the Loss and the Loss is a compensable claim under the terms of the Policy. As it relates to the Loss, there is no applicable exclusion.

2

12. The Loss was promptly reported to State Farm.

13. State Farm denied liability for the Loss based upon its own inspection, and has failed to indemnify Plaintiff for the Loss.

14. Despite the fact that Plaintiff fulfilled all of the duties after the Loss that were imposed upon them by the Policy, State Farm has wrongfully refused to pay any of Plaintiff's claim for insurance proceeds.

15. State Farm's refusal to promptly and fully pay Plaintiff the amount owed as a result of the Loss is without justification.

16. State Farm's refusal to pay the money and benefits due and owing to Plaintiff under the Policy caused Plaintiff to seek legal counsel and to initiate this lawsuit to recover the insurance proceeds and/or other Policy benefits to which they are entitled.

## CAUSES OF ACTION

### Count I – Breach of Contact

17. The allegations contained in Paragraphs 1-16 of this Complaint are incorporated herein by reference as if set forth verbatim.

18. The Policy issued by Defendant to Plaintiff is a binding contract and is supported by valid consideration.

19. State Farm is in total, material breach of the Policy, and State Farm is liable to Plaintiff in the maximum amount allowed by the Policy for the Loss. Specifically, State Farm breached its contract with Plaintiff by its failure and refusal to fully and promptly pay the amounts owed to Plaintiff as a result of the Loss as required by the terms of the Policy.

20. As a result of State Farm's breach of contract, Plaintiff sustained substantial compensable losses for the amounts claimed under the Policy, including but not limited to the replacement cost of the damage to the Insured Premises and temporary repairs, the replacement

3

Case 3:25-cv-01413    Document 1-1    Filed 12/05/25    Page 8 of 17 PageID #: 12

cost of the damaged personal property within the detached garage, as well as consequential damages.

21. State Farm is liable to Plaintiff for their losses.

22. State Farm's breach of contract was intentional, fraudulent, malicious, and/or reckless, therefore justifying an award of punitive damages. Specifically, State Farm intentionally, fraudulently, maliciously, and/or recklessly: (1) failed to effectuate a prompt and fair settlement of Plaintiff's claim when liability was clear; (2) refused and failed to conduct a reasonable investigation of Plaintiff's claim; (3) unjustly refused to pay Plaintiff's claim for its own financial preservation with no reasonable or justifiable basis; (4) failed to make payments to Plaintiff as required by the Policy; (5) failed to adopt, implement, and enforce reasonable standards for the prompt investigation and settlement of claims arising under its insurance policies; and (6) failed to treat Plaintiff's interests equal to that of its own.

### Count II – Statutory Bad Faith

23. The allegations contained in Paragraphs 1-22 of this Complaint are incorporated herein by reference as if set forth verbatim.

24. State Farm's refusal and failure to pay the amounts contractually owed to Plaintiff is arbitrary and capricious.

25. The bad faith by State Farm is evidenced by the fact that, at all times relevant hereto, State Farm knew, or reasonably should have known, that Plaintiff was justifiably relying on the money and benefits due to them under the terms of the Policy and as otherwise promised and represented by State Farm, as well as the actions of State Farm set forth in Paragraph 22 above. Nevertheless, acting with conscious disregard for Plaintiff's rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on Plaintiff,

State Farm consciously refused to pay Plaintiff's valid claim and withheld monies and benefits rightfully due to Plaintiff.

26. State Farm's bad faith is evidenced by all of the facts and allegations set forth above in this Complaint, together with the following:

   a. State Farm's intentional failure to fully inform Plaintiff of their rights and obligations under the Policy;

   b. State Farm's intentional failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim when liability was reasonably clear;

   c. State Farm's intentional refusal to pay Plaintiff's claim and to otherwise honor its obligations under the Policy without conducting a reasonable investigation based on all available information;

   d. State Farm's intentional refusal to fully investigate Plaintiff's claim and to obtain all available information before alleging that it has no further obligations to Plaintiff;

   e. State Farm's engaging in acts and practices toward Plaintiff that amount to acts of baseness, vileness, and/or depravity that are contrary to the good faith duties owed to Plaintiff;

   f. State Farm's failure to promptly provide Plaintiff with a reasonable and accurate explanation for its failure to honor any of Plaintiff's claim;

   g. State Farm's intentional failure to properly adjust Plaintiff's claim and to pay Plaintiff fully for their losses;

h. State Farm's intentional failure to pay all amounts due and owing under the Policy with no reasonable or justifiable basis;

i. State Farm's unjustified refusal to pay Plaintiff's claim for its own financial preservation; and

j. State Farm's actions and inactions as set forth in Paragraph 25 above, all of which are incorporated herein by reference.

27. In doing so, State Farm intended to and did injure Plaintiff in order to protect its own financial interests and should be punished via the twenty-five percent (25%) bad faith penalty as authorized by statute.

**WHEREFORE**, Plaintiff, James Coleman, hereby demands judgment against Defendant, State Farm Fire and Casualty Company:

1. For compensatory damages not to exceed $326,150.00;

2. For punitive damages as deemed appropriate by the jury not to exceed $3,261,500.00;

3. For Statutory bad faith penalty of twenty-five percent (25%) of Plaintiff's claim;

4. For all costs incurred by Plaintiff as a result of this action;

5. For pre and post-judgment interest; and

6. For such other further and general relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a jury of their peers.

Dated: **September 10, 2025**         Respectfully submitted,

/s/ *J. Bart Denham*

Denham Property and Injury Law Firm
J. Bart Denham
250 W. Main St., Suite 120

Lexington, Kentucky 40507
Telephone: 859-900-2278
Email: Bart@Denham.Law
Email: Service@Denham.Law

COUNSEL FOR PLAINTIFF



IN THE CIRCUIT COURT OF SUMNER COUNTY, TENNESSEE
FOR THE EIGHTEENTH JUDICIAL DISTRICT

| | |
|---|---|
| JAMES COLEMAN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No._____ |
| | ) **JURY DEMANDED** |
| STATE FARM FIRE AND CASUALTY COMPANY | ) |
| Defendant. | ) |

# AFFIDAVIT

Plaintiff, James Coleman, by and through counsel, respectfully submits their Affidavit of State Farm Fire and Casualty Company's last known address, and hereby states as follows:

The last known address of State Farm Fire and Casualty Company is One State Farm Plaza, Bloomington, IL 61710.

I, the undersigned affiant, hereby certify that the statements made herein are true and correct to the best of my knowledge, information, and belief.

Dated: **September 10, 2025**              Respectfully submitted,

/s/ *J. Bart Denham*

Denham Property and Injury Law Firm
J. Bart Denham
250 W. Main St., Suite 120
Lexington, Kentucky 40507
Telephone: 859-900-2278
Email: Bart@Denham.Law
Email: Service@Denham.Law

COUNSEL FOR PLAINTIFFS



# STATE OF TENNESSEE
### DEPARTMENT OF COMMERCE AND INSURANCE
### 500 JAMES ROBERTSON PARKWAY
### NASHVILLE, TENNESSEE 37243

September 19, 2025

Bart Denham Law PLLC
250 W Main St
Ste 120
Lexington, KY 40507

We are returning the (1) checks in the amount of $15.00 for the following reason(s).

__X____ Signature is missing.

_____ Check is blank.

_____ Dollar amount of check is insufficient for requested transaction.

_____ "Payable To" must be State of Tennessee

_____ Written and numeric dollar amounts on check do not match.

_____ Insufficient Information
       Additional documentation needed to determine where to apply the funds (application, departmental letter, etc.).

_____Other:

Sincerely,

*DePrey Flournoy*
DePrey Flournoy
Administrative Assistant IV

**Fiscal Services Section**



J. Bart Denham, Esq.<br>
Denham Property and Injury Law Firm<br>
250 W. Main St. Suite 120<br>
Lexington, Ky 40507<br>
859-900-2278<br>
Bart@Denham.Law

October 21, 2025

**Sent Via Priority Mail:**
Tennessee Commissioner of Insurance
500 James Robertson Parkway
Nashville, Tennessee 37243

Re: James Coleman v. State Farm Fire and Casualty Company
Sumner County Circuit Court
Case No.: 25-CV-976

To Whom It May Concern,

    Please see enclosed all documents required to effectuate service of process on Defendant State Farm Fire and Casualty Company.

**NAIC COCODE: 25143**

Very Truly Yours,

*/s/J. Bart Denham*
J. Bart Denham

1

State of Tennessee
Department of Commerce & Insurance
Service of Process 10th Floor
500 James Robertson Pkwy
Nashville, TN 37243-0565



7020 1290 0001 6208 1474



7020 1290 0001 6208 1474  November 2025

Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203